RECEIVED
IN LAKE CHARLES, LA.
JUL 25 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CANTU SERVICES, INC. | : | DOCKET NO. 2:12 CV 1292 |
| VS. | : | JUDGE MINALDI |
| KEVIN MONK, ET AL. | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the court is Motion to Stay this court's July 6, 2012 ruling dissolving its June 19, 2012 temporary restraining order pending appeal and to set a supersedeas bond [Doc. 86], filed by the plaintiff Cantu Services Inc ("Cantu Services"). The motion is opposed by the defendants, Kevin Monk, Renee Ellender Roberie, Joseph Burton, Hanell Bosarge, Mark S. Martin, and Curt Eysink [Doc. 92] and Melvin Lee Frazier [Doc. 91].

Federal Rule of Civil Procedure 62 provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." A court must consider four factors in ruling on a Motion to Stay under Rule 62:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

Of these factors, the most crucial is whether the moving party will suffer irreparable injury unless a stay is granted. *United States v. State of Louisiana,* 815 F.Supp. 947, 953

(E.D. La. 1993). For the reasons stated in open court during the July 6, 2012 hearing on Cantu Services' Motion for a Preliminary Injunction, the court finds that Cantu Services has not demonstrated that denial of its Motion to Stay will cause it to suffer irreparable harm. *See also Howard v. Town of Jonesville*, 935 F.Supp. 855, 859 (W.D. La. 1996) (holding that the plaintiff in a civil rights action could not demonstrate irreparable injury even if she could demonstrate a likelihood of success on the merits of her § 1983 equal protection claim). Accordingly, it is

ORDERED that the motion is DENIED.

Lake Charles, Louisiana, this 25 day of July 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE