RECEIVED
JAN 22 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| CANTU SERVICES, INC., | CIVIL ACTION NO. 2:12-01292 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| MELVIN LEE FRAZIER | MAG. JUDGE KAY |

## MEMORANDUM ORDER

The instant matter was referred to the undersigned on April 18, 2017. Pursuant to a motion to dismiss, the prior presiding judge denied a motion to dismiss as to the official capacity claims asserted against defendants, Kevin Monk, Renee Ellender Roberie, Mark S. Martin, Janell Bosarge and Curt Eysink, (collectively referred to as the "State Officials"). The State Officials appealed and the Fifth Circuit reversed the district judge holding that sovereign immunity barred Plaintiff's official capacity claims. Subsequently, the district court converted the State Officials' motion to dismiss based on qualified immunity into a motion for summary judgment and dismissed the claims asserted against the State Officials in their personal capacities.

On July 8, 2014 Plaintiff moved the district court to reconsider the summary judgment decision.[1] The district court granted the motion because it failed to notice the parties that it was converting a Rule 12(b)(6) motion to a Rule 56(c) motion. After further briefing ordered by the court, the district court dismissed the State Officials in their personal capacities finding that they were entitled to summary judgment based on qualified immunity. A breach of contract claim against one defendant proceeded to trial;

---

[1] R. #147.

1

the court granted this Defendant's motion for judgment as a matter of law at the close of Plaintiff's case-in-chief. Thereafter, the State Officials moved for attorney fees pursuant to 42 U.S.C. § 1988 for defending the claims asserted against them in their personal/individual capacities. The district court found that Plaintiff's claims were frivolous and thus granted the motion and awarded the State Officials $31,031 in attorney's fees that they incurred after Plaintiff filed its motion to reconsider[2] and for fees incurred to dismiss Joseph Burton from the suit.[3]

In her Memorandum Order, the district judge detailed the following as to the award of attorney's fees:

> [T]he court will only grant attorney's fees for the work incurred due to the frivolous claims brought forth by Cantu. In this case, the counsel for the State Officials spent 32.4 hours on the Motion to Reconsider, totaling $4,212.00 in fees. On the Memorandum in Support of Summary Judgment, it worked 150.8 hours, incurring a total of $19,604.00. Counsel for the State Officials spent 32.6 hours on the Motion to Strike Cantu's Opposition to State Officials' Memorandum in Support of Summary Judgment, totaling $4,238.00 in fees. For the Motion to Dismiss Joseph Burton, the attorneys for the State Officials spent 22.9 hours preparing it. The total fees for that motion are $2,977.00.

Plaintiff appealed the summary judgment decision, the judgment as a matter of law and the award of attorney's fees. The Fifth Circuit affirmed both the summary judgment decision and the judgment as a matter of law;[4] as to the award of attorney fees, the Fifth Circuit vacated the award of attorney fees as to Joseph Burton's Motion to Dismiss and

---

[2] The State Officials' Memorandum in Support of Summary Judgment, the Motion to Strike Cantu's Opposition to State Officials' Memorandum in Support of Summary Judgment, and the Motion to Dismiss Joseph Burton. See R. #280 (Memorandum Order).
[3] Mr. Burton was named as a defendant, but was never served with a summons and a copy of the complaint.
[4] Cantu Servs.,Inc. v. Frazier, 2016 WL 7396716 at *1 (5th Cir. Dec. 20, 2016).

remanded this issue to the district court to consider in the first instance.[5] The Fifth Circuit also remanded with specific instructions for the court to (1) determine whether the number of hours recorded by the State Officials' attorneys were excessive or duplicative, (2) whether or not fees were awarded for claims asserted prior to them clearly becoming frivolous, and (3) articulate "a reasonably specific explanation" for each aspect of the fee determination.[6]

*Motion to Dismiss Joseph Burton*

The previous presiding judge awarded attorney's fees[7] to the State Officials for all fees incurred for the Motion to Dismiss Joseph Burton ($2,977.00).[8] As noted in her ruling which awarded the attorney fees, the motion was filed because Burton was never a served party in the suit, nor was he a party to the original motion for attorney fees. Plaintiff opposed the motion to dismiss by seeking an extension of time within which to serve this Defendant.[9] In its motion, Plaintiff asserted that service was not perfected on Burton because he had moved from his last known address and furthermore, he did not report to his new employer's business address on a regular basis. Pursuant to that motion, Plaintiff was granted an extension until February 28, 2014 to serve Defendant Burton.[10]

---

[5] Even though Plaintiff did not assert that the district court abused its discretion by awarding attorney's fees with the motion to dismiss Burton, State Officials conceded that "it appears fees for litigat[ing] Joseph Burton's Motion to Dismiss should not have been awarded" because "Burton was not a party to the State Officials' motion for Attorney's Fees or this appeal." R. # 285, p. 10 of 12. Cantu v. Frazier, et al, 16-31035, p. 9, (5th Cir. 04/13/2016).
[6] Citing Perdue v. Kenny A. ex rel Winn, 559 U.S. 542, 554 (2010).
[7] The State Officials sought $2,209.50 for 22.9 hours spent filing the motion in December 2013 – about 18 months after Plaintiff filed suit.
[8] R. #121 and #280.
[9] R. #125.
[10] R. #127.

3

On January 27, 2014, Plaintiff filed a "Stipulation of Dismissal without Prejudice"[11] as to Burton and this Defendant was dismissed.

In the award of attorney's fees due to frivolity, the court made the determination that in its motion to reconsider, Plaintiff had raised for the first time and in complete contradiction to its previous position, an allegation that the State Officials acted in excess of legal authority, arguing that the Louisiana Workforce Commission was not the State Licensing Agency for the Randolph-Sheppard program. The court notes that Burton's dismissal was prior to Plaintiff filing the motion to reconsider and the dismissal was due to Plaintiff's inability to serve the defendant. Thus, the court finds that no attorney fees shall be awarded for dismissing this Defendant because it had no relevance to Plaintiff's motion to reconsider and Plaintiff's change in position which the prior court determined was a frivolous claim.

*Excessive or Duplicate billing entries*

As to the Motion to Reconsider,[12] 32.4 hours was spent by the State Officials in opposing Plaintiff's motion. The court notes that Plaintiff's motion and memorandum in support was 36 pages and had 18 exhibits attached. In response, the State Officials' opposition included a 26 page memorandum and 10 exhibits. Also of significance, is the fact that the Plaintiff had raised completely new arguments (that the Louisiana Workforce

---

[11] R. #129.
[12] R. #147.

4

Commission ("LWC") was not the State Licensing Agency ("SLA") and thus the State Officials' actions were *ultra vires.*)[13]

The State Officials argue that it was reasonable in the course of representing their client, for four attorneys to review the opposition pleading. The pleading was drafted by attorney, Mary Ann White and reviewed and revised by attorneys Caroline Bond, Wade Shows, and James Hilburn. As noted by counsel, these attorneys' names appeared in the signature block, and thus it was appropriate for them to review the pleading prior to it being filed. The court agrees with the State Officials that the hours spent on this pleading were neither excessive, nor duplicative.

Next, the district judge granted attorney's fees for preparation of the motion for summary judgment[14] to dismiss five (5) defendants. Again, the undersigned notes that the memorandum in support of the motion was 26 pages, and had attached to it, 16 exhibits which included 311 pages of documents. Plaintiff opposed the motion in his attempt to assert new claims with a 31 page pleading to which was attached 19 exhibits containing 334 pages of documents.[15] The same four attorneys assisted in either researching, drafting, reviewing and/or revising these pleadings. The court finds that the State Officials' hours spent were neither excessive, nor duplicative, and were therefore reasonable.

---

[13] In Plaintiff's original and amended complaints, it asserted that the LWC was the SLA under the Rehabilitation Act and the Randolph-Sheppard Act. Complaint, ¶ 8, Red. #1; Amended Verified Complaint, ¶ 16, R. #18; the court found as a matter of law that the LWC serves as the SLA, Order, R. #226, p. 5.
[14] R. #170.
[15] R. #175.

Finally, the district judge awarded the State Officials attorney's fees for filing a motion to strike Plaintiff's opposition to the State Officials' Memorandum in Support of Summary Judgment (32.6 hours for a total of $4,238.00). The State Officials filed the motion to strike because of Plaintiff's attempt, albeit an unsuccessful one, to expand the pleadings by asserting not only a new claim, but one in direct contradiction to its original claim made in the complaint and amended complaint and in direct violation of the district judge's directive.

This pleading was drafted by Mary Ann White and reviewed by Caroline Bond and James Hilburn. The motion and memorandum in support was a total of 16 pages; it also required the State Officials to research, understand and apply Federal Rule of Civil procedure 12(f)[16] as well as Plaintiff's attempt to expand the pleadings and change its original position as to the LWC and the SLA. The court finds that the State Officials' billings hours were neither excessive, nor duplicative and therefore were reasonable.

*Did the district court award attorney's fees incurred prior to Plaintiff's claims becoming clearly frivolous?*

The Fifth Circuit further instructed this court to determine if the district court awarded attorney's fees incurred prior to Plaintiff's claims being clearly frivolous. As noted in its ruling on the remaining State Officials' converted Motion to Dismiss,[17] the district judge emphasized that qualified immunity was clearly applicable in this case and further found that Plaintiff had failed to show a violation of constitutional rights. After this ruling, Plaintiff filed his motion to reconsider, raised for the first time and in complete

---

[16] Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."
[17] The purpose of granting the Plaintiff's motion for reconsideration was to convert the motion to dismiss the State Officials based on qualified immunity, to a motion for summary judgment.

contradiction to its previous position, an allegation that the State Officials acted in excess of legal authority, arguing that the LWC was not the SLA for the Randolph-Sheppard program. Plaintiff made this assertion despite the court's directive that limited the parties' pleadings to the applicability of the doctrine of qualified immunity, the plaintiff's claims under the Equal Protection and Due Process Clause, and improper venue. The court further admonished the parties by limiting their arguments solely to these issues to the exclusions of any additional issues. Thus, we find that Plaintiff's claims and/or arguments made in the motion to reconsider were clearly frivolous.

## CONCLUSION

For the reasons set forth above, the court finds that the State Officials' award of attorney's fees with respect to the motion to dismiss Joseph Burton is vacated. The Court further finds that the State Officials' award of attorney fees in the amount of $4,212.00 for opposing the motion for reconsideration, $19,604.00 for memoranda in support of the motion for summary judgment and $4,238.00 for the motion to strike and supporting memorandum, were not excessive or duplicative, and furthermore they were incurred after Plaintiff's claims clearly became frivolous. Accordingly, it is

**ORDERED** that the State Officials are hereby awarded attorney's fees in the amount of $28,054.00 against Plaintiff, Cantu Services Inc.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 22 day of January, 2018.

                                              JAMES T. TRIMBLE, JR.
                                     UNITED STATES DISTRICT JUDGE